UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELMONTE A. PITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. CIV-17-885-F |
| v. | ) | |
| | ) | |
| B. M. ANTONELLI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings and a recommendation consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed for lack of jurisdiction.

In this Court, Petitioner was convicted, pursuant to his guilty plea, of one count of being a felon in possession of a firearm. <u>United States v. Pitts</u>, Case No. CR-2012-0257-F. After finding that the armed career offender enhancement of 18 U.S.C. § 924(e) applied, United States District Judge Friot sentenced Petitioner to a 180-month term of imprisonment.[1] Petitioner did not appeal the conviction and

---

[1] A sentence enhancement under 18 U.S.C. § 924(e)(1) requires that the defendant have at least

1

sentence.

On October 26, 2016, Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence. In this motion, Petitioner challenged the armed career offender enhancement based on the Supreme Court's decision in <u>Johnson v. United States</u>, 576 U.S. __, 135 S.Ct. 2551 (2015). In <u>Johnson</u>, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") at 18 U.S.C. §924(e)(2)(B)(ii) defining "violent felony" is unconstitutionally vague and violates the Constitution's Due Process Clause. <u>Id.</u> at 2560-63. Less than a year later, in April 2016, the Supreme Court determined in <u>Welch v. United States</u>, __ U.S. __, 136 S.Ct. 1267, 1268 (2016), that the <u>Johnson</u> decision "announced a substantive rule that has retroactive effect in cases on collateral review."

In an Order and Judgment entered May 18, 2017, District Judge Friot dismissed the § 2255 proceeding on the ground that it was untimely pursuant to 28 U.S.C. § 2255(f). Judge Friot found that the motion was untimely (1) because, based on Petitioner's date of mailing the motion through the prison mail depository system,

---

"three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." A "serious drug offense" is defined in the statute as an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 28 U.S.C. § 924(e)(2)(A). Petitioner concedes that his sentence was enhanced under the ACCA because "he had at least three prior convictions in the state of Oklahoma for a 'serious drug offense,' one of which included Trafficking in Illegal Drugs . . . ." Petition, at 5.

2

it was filed more than one year after the judgment in his criminal case became final and (2) because it was filed more than one year after the Supreme Court entered its decision in Johnson. Further, Judge Friot found that Petitioner had not shown any basis for applying an exception to the one-year limitation period prescribed in 28 U.S.C. § 2255(f). Petitioner did not appeal the decision.

Petitioner then filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the Petition and supporting brief, Petitioner asserts that a "motion by § 2255 is inadequate and ineffective to test the legality of his detention" and that the "savings clause" in 28 U.S.C. § 2255(e) allows him to proceed under §2241 because he cannot raise his argument in a second 28 U.S.C. § 2255 motion. Memorandum of Law Brief in Support of § 2241 Habeas Corpus Petition (Doc. # 2), at 4.

"Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . ." Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 20111). Petitioner, however, seeks relief from his sentence under 28 U.S.C. § 2241, not 28 U.S.C. § 2255, invoking § 2255(e)'s "savings clause." Under this provision, a federal prisoner may bring a § 2241 habeas action if "the remedy by motion [under § 2255] is inadequate or ineffective to test the

3

legality of his detention." This "savings clause," as it is known, has been applied "only in extremely limited circumstances." Abernathy v. Wandes, 713 F.3d 538, 547 (10th Cir. 2013). If the prisoner's claim(s) could have been raised in his first § 2255 motion, the § 2255(e) savings clause does not provide a door to asserting his claims in a § 2241 habeas proceeding. Prost, 636 F.3d at 584.

In his Petition, Petitioner claims that his prior state conviction for Trafficking in Illegal Drugs no longer qualifies as either a violent felony or a serious drug offense under the ACCA, 18 U.S.C. § 924(e), in light of the United States Supreme Court's decisions in Descamps v. United States, __U.S. __, 133 S.Ct. 2276 (2013), and Mathis v. United States, 136 S.Ct. 2243 (2016).

Petitioner has not shown that the "savings clause" allows him to raise this claim in a § 2241 habeas proceeding. In Mathis v. United States, __ U.S. __, 136 S.Ct. 2243 (2016), and earlier in Descamps v. United States, __ U.S. __, 133 S.Ct. 2276 (2013), the Supreme Court provided guidance for applying the ACCA's sentence enhancement provision when a defendant has prior state or federal convictions "for a violent felony," see 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii).

Contrary to Petitioner's suggestion that these cases should be retroactively applicable to his case, the Tenth Circuit Court of Appeals has held that the Supreme Court's decision in Descamps did not announce a new rule of constitutional law.

United States v. Scott, 594 Fed. App'x 560 (10th Cir. 2015)(unpublished order). The Tenth Circuit Court of Appeals has also held that the Supreme Court's decision in Mathis did not announce a new rule of constitutional law. United States v. Taylor, 672 Fed. App'x 860 (10th Cir. 2016). See also United States v. Gutierrez, 2017 WL 3722954 (D.N.M. 2017)(same). No other circuit court that has considered the issue has concluded that Mathis announced a new rule of constitutional law. See In re Hernandez, 857 F.3d 1162 (11th Cir. 2017); In re Lott, 838 F.3d 522 (5th Cir. 2016); Holt v. United States, 843 F.3d 720 (7th Cir. 2016); Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016). Consequently, the decisions do not apply retroactively to cases on collateral review, and federal prisoners like Petitioner may not rely on these cases under § 2255's savings clause as a means of avoiding the procedural requirements for filing a second or successive §2255 motion. See United States v. Copeland, 2015 WL 5311335 (N.D. Okla. 2015)(unpublished op.);

Further, a procedural bar, such as a limitations period or procedural default, does not render the § 2255 remedy "inadequate or ineffective" under § 2255(e). Haley v. Fox, 829 F.3d 1162, 1171 (10th Cir. 2016). Petitioner has not demonstrated that he could not have earlier challenged the application of the career offender enhancement, and he has not shown the remedy under § 2255 is inadequate or ineffective as a vehicle for raising his sentence enhancement claims.

Petitioner has not sought or received authorization to file a second or successive collateral attack on his conviction and sentence. The Court should decline to transfer the instant action to the Tenth Circuit Court of Appeals because Petitioner has not asserted any meritorious claims and he cannot satisfy the requirements for proceeding with a second or successive § 2255 motion under 28 U.S.C. § 2255(h). See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by October 25th, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate

judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___5th___ day of ___October___, 2017.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE