# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DELMONTE A. PITTS,            )
                              )
            Petitioner,       )
                              )
-vs-                          ) Case No. CIV-17-0885-F
                              )
B. M. ANTONELLI, Warden,      )
                              )
            Respondent.       )

# ORDER

Petitioner Delmonte A. Pitts, a federal prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner appears *pro se* and his pleadings are liberally construed. Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation (doc. no. 12, the Supplemental Report), recommending the court dismiss the petition for lack of jurisdiction.

Petitioner objects to the Supplemental Report on three grounds. All objected to matters are reviewed *de novo*.

Petitioner's first and second objections challenge the magistrate judge's recommended finding that petitioner may not use the savings clause found in 28 U.S.C. § 2255(e) to test the legality of petitioner's detention by bringing this § 2241 petition.[1] The Supplemental Report addresses this issue, noting that the savings

---

[1] Section 2255(e) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Federal prisoners who are barred

clause does not provide a means for asserting claims in a § 2241 proceeding which could have been raised in a petitioner's first § 2255 motion. The Supplemental Report also addresses petitioner's arguments that are based on Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), and Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013). The Supplemental Report notes that these cases do not apply retroactively to cases on collateral review, and that as a result, petitioner may not rely on them to invoke § 2255's savings clause as a means for avoiding the procedural requirements for filing a second or successive § 2255 motion (with which petitioner has not complied).[2] The Supplemental Report concludes that petitioner has not satisfied § 2255(e)'s savings clause, and recommends that the § 2241 petition be dismissed for lack of jurisdiction. The court agrees with the magistrate judge's analysis and conclusions.

In his third objection to the Supplemental Report, petitioner argues that even if this court agrees with the magistrate judge that the court does not have jurisdiction to address the petitioner's § 2241 claims, the court should transfer this matter to the Court of Appeals rather than dismiss it. The Supplemental Report recommends dismissal rather than transfer because the magistrate judge concluded that petitioner has not asserted any meritorious claims and cannot satisfy the requirements for proceeding with a second or successive § 2255 motion. Where there is no risk that a meritorious successive claim will be lost absent a transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter and it dismisses it instead. *See,* In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

---

from bringing second or successive § 2255 motions may still be able to petition for habeas relief under § 2241 through the mechanism of § 2255(e)'s saving clause. But, as explained in the Supplemental Report, the savings clause applies only in extremely limited circumstances.

[2] Prisoners must obtain circuit-court authorization before filing a second or successive habeas claim, which petitioner has not done.

The court agrees with the magistrate judge that there is no risk that a meritorious successive claim will be lost absent a transfer, and that it is not in the interests of justice to transfer this matter. Accordingly, as recommended, the petition will be dismissed. *See*, United States v. Copeland, 2015 WL 5311335, *3 (N.D. Okla. 2015) (where petitioner was not entitled to rely on the savings clause of § 2255 in order to pursue a petition under § 2241, the petition was treated as a second or successive § 2255 motion under § 2255(h) and was dismissed for lack of jurisdiction rather than transferred to the Court of Appeals).

Petitioner's objections to the Supplemental Report are **DENIED**. After review, the Supplemental Report and Recommendation of Magistrate Judge Purcell is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Supplemental Report, the petition, which is brought pursuant to 28 U.S.C. § 2241, is **DISMISSED** for lack of jurisdiction.

It is not clear whether a certificate of appealability (COA) is required when a federal prisoner files a § 2241 petition which is then disposed of, in whole or in part, with reference to the fact that petitioner has not satisfied the requirements for a successive § 2255 motion.[3] Furthermore, the Court of Appeals has recently entered

---

[3] A COA is not required when a petition is brought by a federal prisoner under § 2241, Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000), and some decisions indicate this rule continues to apply in situations similar to those presented here. *See*, Crawford v. United States, 650 Fed. Appx. 573, 575 (10th Cir. 2016) (COA not required where district court construed Rule 60(b) motion as a § 2241 application and then determined that petitioner had failed to demonstrate that he could invoke § 2255(e)'s savings clause to attack the validity of his federal sentence under § 2241; unpublished); Flint v. United States, 463 Fed. Appx. 876, **1-2 (11th Cir. 2012) (district court concluded petitioner could not bring a § 2241 petition because he could not satisfy the savings clause of § 2255(e); district court construed the petition as a § 2255 motion, as to which petitioner had not obtained permission to file a second or successive motion, and denied the petition and a COA; Court of Appeals held that even though the § 2241 petition had been construed as a § 2255 motion, the real reason why the district court denied the petition was because he could not bring his claims under § 2241 so that no COA was required; unpublished). However, in Copeman v.

a limited remand in a case where the district court did not rule on a COA in § 2255 proceedings. United States v. Higley, No. 17-111 (September 29, 2017). To avoid that result in the event that this court is required to address a COA, the court finds as follows: the issues presented by petitioner are not reasonably debatable; the requirements for a COA have not been met; and this court **DENIES** a COA if it is required to rule on this issue.

IT IS SO ORDERED this 27th day of October, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0885p003.docx

---

Bragg, 383 Fed. Appx. 713, 715-16 (10th Cir. 2010) (unpublished), a federal prisoner sought a COA to appeal from the dismissal of his § 2241 petition, which the district court had construed as a second or successive § 2255 motion and dismissed. After discussing the requirement that to appeal from the dismissal of an unauthorized § 2255 motion a petitioner must obtain a COA, the Court of Appeals denied the COA without addressing the fact that the federal prisoner had sought relief under § 2241.